**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BENJAMIN L. PRATT, JR., ET AL. | CIVIL ACTION NO. 09-1734 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LANDINGS AT BARKSDALE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two Motions to Strike filed by the defense. See Record Documents 115 & 117. The first motion was filed by Defendants American Management Services, Central, LLC ("AMS Central"), American Management Services, LLC ("AMS"), and Barksdale, Langley, Bolling Family Housing LLC ("BLBFH"). See Record Document 115. The second motion was filed by Defendant Arcost-Agbayani J/V ("Arcost"). See Record Document 117. The Motions to Strike relate to evidence submitted by Plaintiffs in support of their opposition to pending Motions for Summary Judgment.

In both motions, Defendants move to strike the declaration of Plaintiffs' designated expert, Ioannis M. Petikas ("Petikas"). The declaration is attached as Exhibit C to Plaintiffs' Consolidated Memorandum in Opposition to Motions for Summary Judgment. See Record Document 112, Exhibit C. Defendants AMS Central, AMS, and BLBFH also move to strike various medical records, reports, letters, and photographs, which are attached as Exhibits D-J to Plaintiffs' Consolidated Memorandum in Opposition to Motions for Summary Judgment. See id., Exhibits D-J.

Plaintiffs have opposed both Motions to Strike. See Record Document 125. For the reasons which follow, the motion filed by Defendants AMS Central, AMS, and BLBFH is **GRANTED IN PART** and **DENIED IN PART** and the motion filed by Arcost is **GRANTED**.

**Exhibit C**

Plaintiffs attached the declaration of Petikas to their opposition to the pending Motions for Summary Judgment. Petikas previously submitted an "Industrial Hygiene Report" and has been identified as a Rule 26 expert witness for Plaintiffs. Defendants now move to strike the declaration on the grounds that it states opinions not contained in Petikas' original expert report. Defendants argue:

> Because the information upon which the opinions in the declaration [are based] was available prior to the expert report deadline, Petikas' declaration cannot be considered "supplementary" and, rather, is an improper attempt to amend his initial report.

Record Document 115-2 at 4. Defendants specifically point to paragraphs 2-5 of the declaration and contend that such paragraphs contain new conclusions without any showing of new information or facts which would prompt these new opinions. See id. at 2. They further assert that paragraph 6 of the declaration contains "statements related to the possibility of airborne Stachybotrys and Chaetomium for the first time." Id. Finally, Defendants maintain that Petikas' statement in paragraph 7 of the declaration, that "the Pratt family could have experienced symptoms consistent with exposure to these molds, especially Stachybotrys, if present at the time of exposure, is speculative, as Petikas is an industrial hygienist, not a doctor." Id. at 3.

Plaintiffs argue that Petikas' declaration should not be stricken because it is consistent with his report and contains no facts unknown to Defendants. See Record Document 125 at 4-9. They further contend that the declaration is not a supplemental report subject to scheduling order restrictions, as it "merely addresses the subject matter and findings in his report as well as his deposition testimony." Id. at 8. According to

Plaintiffs, the declaration "supports and logically extends . . . points [made in the report and deposition] in a direct response to an argument presented by the Defendants in their Motion for Summary Judgment." Id. Put another way, they maintain that the declaration simply "draws logical conclusions" from the report and deposition "to retort specific arguments made by Defendants." Id. at 8-9. Alternatively, Plaintiffs contend that the declaration should be admitted as a supplemental opinion because it was timely identified, the opinions are essential, there is minimal prejudice to the defense, and no trial date has been set. See id. at 9-11.

Rule 26(a)(2) requires that the expert report "contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them." F.R.C.P. 26(a)(2)(B)(I). "The purpose of Rule 26(a)(2) is to provide **notice** to opposing counsel . . . as to what the expert witness will testify." Hill ex rel. Hill v. Koppers, Inc., No. 3:0360, 2009 WL 4908836, *5 (N.D. Miss. Dec. 11, 2009) (emphasis added). Courts generally reject "untimely supplemental expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures." Lampe Berger USA, Inc. v. Scentier, Inc., No. 04-354, 2008 WL 3386716, *2 (M.D. La. Aug. 8, 2008); see also Cleave v. Renal Care Grp., Inc., No. 2:04-161, 2005 WL 1629750, *1 (N.D. Miss. July 11, 2005) (granting motion to strike where "Plaintiff failed to identify any new records or information which would prompt [the] new opinions" and "the supplemental affidavit offering the new opinion was made only after [defendant] filed a dispositive motion based on the lack of proof to support plaintiff's wrongful death claim").

This Court has reviewed Petikas' original report and the declaration and finds that the declaration contains new opinions, not mere logical extensions, that go beyond those

previously presented. The statements made in the declaration appear to be based upon information available prior to the deadline for service of initial expert reports; thus, there is no "substantial justification" or explanation for Petikas' failure to include the statements/opinions in his original report. See Simmons v. Johnson, No. 06-323, 2008 WL 474203, *2 (M.D. La. Feb. 14, 2008). This Court will not permit Plaintiffs to "skirt the [expert] disclosure requirements of Rule 26 by characterizing 'new' opinions . . . as 'supplemental.'" Id.

As to Plaintiffs' alternative request for a continuance, the Court notes that the defense would be prejudiced by testimony in accordance with the declaration; that no explanation was given for the failure to include the new opinions in the original report; and that this is a 2009 civil case that needs to move forward. See Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir.1998). Hence, no continuance will be granted in this matter. See Robbins v. Ryan's Family Steakhouse East, Inc., 223 F.R.D. 448, 454 (S.D. Miss. 2004) (district court not required to grant a continuance where other factors support striking an expert's supplemental opinions).

Accordingly, this Court hereby **GRANTS** the Motions to Strike (Record Documents 115 & 117) as to Exhibit C.

**Exhibits D-J**

Defendants AMS Central, AMS, and BLBFH moves to strike Exhibits D-J, which consist of medical records, reports, letters, and photographs,[1] on the grounds that they are unauthenticated. More specifically, Defendants note that there are no accompanying

---

[1] Exhibits D-G are miscellaneous medical records. Exhibit H is a letter from 2008 to the "Housing Office." Exhibit I contains lab reports. Exhibit J contains three photographs.

affidavits authenticating the exhibits or providing some explanation of their source/accuracy or laying the proper foundation for the exhibits.

In opposing the Motion to Strike, Plaintiffs "provided authentication" for Exhibits D-J. See Record Document 125 at 12; see also Tracy v. Fin. Ins. Mgmt. Corp., 458 F. Supp. 2d 734, 737-738 (S.D. Ind. 2006) ("While it is true that the documents were not properly authenticated in the manner [the defendant] presented them, [the defendant] effectively cured this evidentiary deficiency by filing affidavits showing that the challenged documents are accurate copies of the documents. . . . Accordingly, [the plaintiff's] motion to strike is denied."). In relation to Exhibits E and F (medical records from Christus Schumpert), Plaintiffs attached have now submitted Certification Letters from Christus Schumpert Health System's Northern Louisiana Director. See Record Document 125, Exhibits A & B.

As to Exhibits D and G (medical records from 2nd Medical Group on Barksdale Air Force Base), Plaintiffs have submitted the sworn declarations of both Plaintiff Benjamin L. Pratt, Jr. ("Pratt") and Hiawatha Northington, II ("Northington"), Senior Attorney at Smith & Fawer, LLC. See id., Exhibits C & D. Pratt's declaration explains that he attempted to have the medical records certified, but was unable to do so since the clinic in Guam, where he is now stationed, does not have a notary. See id., Exhibit C. He testified in his declaration that the medical records "were true and accurate representations of the medical treatment his children received at the 2nd Medical Group on Barksdale Air Force Base." Id. Additionally, Northington's declaration certifies that Exhibits D and G contain "true and correct copies of excerpts of medical records" for the children produced by Dr. Adrian Casillas, who produced the requested records in proper person at his deposition. See id., Exhibit D.

Pratt's sworn declaration also pertains to Exhibits H, I, and J. See id., Exhibit C. He certified that Exhibit H was a true and correct copy of a letter he received from his family's primary care physician, Major Aaron Thaker. See id. He further certified that Exhibit I contained lab results he received from Laboratory Corporation of America/Bio Sign in November 2008 and that exhibit contains "true and accurate report of blood tests" performed on him and his family. Id. Finally, he certified that he took the three photographs contained in Exhibit J and that such photographs were taken in September 2008 whiling living in the unit at Barksdale Landing. See id.

It appears that Defendants AMS Central, AMS, and BLBFH do not contest the authentication, as their reply brief makes no mention of Exhibits D-J. See Record Document 127. In fact, the reply references only the declaration of Petikas. See id. at 1, 6 ("the declaration should be stricken"). Accordingly, this Court hereby **DENIES** the Motion to Strike (Record Document 115) as to Exhibits D-J.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of September, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE