UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BENJAMIN L. PRATT, JR., ET AL. | CIVIL ACTION NO. 09-1734 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LANDINGS AT BARKSDALE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two Motions to Strike filed by the defense. See Record Documents 128 & 131. The first motion was filed by Defendants American Management Services, Central, LLC ("AMS Central"), American Management Services, LLC ("AMS"), and Barksdale, Langley, Bolling Family Housing LLC ("BLBFH"). See Record Document 128. The second motion was filed by Defendant Arcost-Agbayani J/V ("Arcost"). See Record Document 131. The Motions to Strike relate to evidence submitted by Plaintiffs in support of their opposition to pending Motions for Summary Judgment.

In the motions, Defendants move to strike the declaration of Plaintiffs' designated medical expert, Dr. Adrian M. Casillas ("Dr. Casillas"), on the grounds that the declaration goes beyond the scope of his previous expert reports. The declaration was attached as Exhibit A to Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment filed by Lexington Insurance Company ("Lexington"). See Record Document 126, Exhibit A. Plaintiffs have opposed both Motions to Strike. See Record Document 133. For the reasons which follow, the Motions to Strike (Record Documents 128 & 131) are **GRANTED**.

Plaintiffs attached the declaration of Dr. Casillas to their opposition to the pending Motion for Summary Judgment filed by Lexington.[1] Plaintiffs previously produced the

---

[1] Lexington's Motion for Summary Judgment (Record Document 118) is simply an adoption in full of the Motion for Summary Judgment filed by Defendants AMS Central, AMS, and BLBFH (Record Document 100).

expert reports of Dr. Casillas, which are medical evaluations of Benjamin Pratt, III, Raven Hosley, and Ramona Pratt. Defendants now move to strike Dr. Casillas' declaration on the grounds that it goes beyond the scope of his expert reports and is an improper attempt to supplement his reports after the deadline.

According to Defendants, Dr. Casillas' original reports do not contain the opinion that any connection exists between Plaintiffs' respiratory problems and exposure to mold. See Record Document 128-2 at 1. Yet, the declaration opines "that there exists a reasonable possibility that the respiratory symptoms suffered by" Benjamin Pratt, III and Raven Hosley "resulted from exposure to mold." Id. at 1-2. Defendants argue:

> This [opinion in the declaration] is not equivalent to [Dr. Casillas'] statement in his report that exposure to the allergens for which they tested positive could result in an exacerbation. Further, it is contrary to [Dr. Casillas'] testimony that he does not opine that the mold in the house resulted in an exacerbation of their symptoms.

Record Document 134 at 3.

Defendants further point to paragraphs 3-6 of the declaration, wherein Dr. Casillas opines as to the adverse health effects due to Stachybotrys exposure and the unreliability of skin testing for a Stachybotrys allergy. See Record Document 128-2 at 2. Yet, his original reports contained no information relating to Stachybotrys, much less discussion about adverse health effects stemming from exposure to Stachybotrys or statements as to the reliability of skin testing for a Stachybotrys allergy. See id.; see also Record Document 134 at 3.

Finally, Defendants concede that Dr. Casillas does opine in his original reports that exposure to the allergens, to which Plaintiffs are allergic, will result in an exacerbation of their allergic disease. See Record Document 134 at 4. However, Defendants argue that this opinion does not equate to paragraph 7 of the declaration, which provides: "Symptoms

caused by mold exposure in sensitized (allergic) individuals will persist if exposure to mold continues to occur." See id.; see also Record Document 128-2 at 2.

Plaintiffs argue that Dr. Casillas' declaration should not be stricken because it is consistent with his expert reports and contains no new facts unknown to Defendants. See Record Document 133 at 1-7. Plaintiffs contend that Dr. Casillas did opine in his original reports that the children's conditions would worsen/exacerbate upon exposure to molds to which they are sensitive. See id. at 2-3. In other words, Dr. Casillas did link exposure to molds and an exacerbation of the children's conditions in his original reports. See id. at 3. Plaintiffs likewise contend that the portions of Dr. Casillas' declaration regarding the adverse effects and testing for Stachybotrys should not be stricken because his opinions/conclusions about Stachybotrys are "fundamental, industry standard practices exempted from Rule 26 that need not be spelled out in 'magic words' in [the expert] report." Id. at 6. Alternatively, Plaintiffs contend that the declaration should be admitted as a supplemental opinion because it was timely identified, the opinions are essential, there is minimal prejudice to the defense, and no trial date has been set. See id. at 8-11.[2]

The initial reports of Dr. Casillas provide:

Benjamin Pratt, III:   His skin testing indicates that he is allergic to cat, dog, dust mite as well as some pollens and mold. Any exposure to **these allergens** will result in an exacerbation of his allergic diseases including asthma.

---

[2]Plaintiffs seem to rely heavily on the fact that "there is currently no comprehensive scheduling order in this case laying out an array of deadlines." Record Document 133 at 10. While it is true that the Scheduling Order deadlines were vacated, Plaintiffs' argument is somewhat disinguous. The deadline for Plaintiffs' expert reports was December 30, 2011. See Record Document 71. Additionally, the deadline for dispositive motions related to medical causation was May 11, 2012. See Record Document 77. Thus, it should come as no surprise to Plaintiffs that as of May 2012, Defendants would have reasonably believed that all medical causation opinions were locked in place. The Court notes that Dr. Casillas' declaration was not filed until June 2012. See Record Document 126, Exhibit A.

> Raven Hosley: Any heightened exposure to the ***allergens that she is sensitive*** to will result in an exacerbation of her atopic symptoms including rhinitis and asthma.

Record Document 100, Exhibit A (Exhibits 2 & 3) (emphasis added). Based on this language, it is clear that Dr. Casillas' original opinions as to exacerbation were not limited to mold exposure alone. Additionally, he testified in his deposition that he was not of the opinion that mold in the home caused an exacerbation of the children's respiratory problems. See id., Exhibit A at 102-104. Therefore, without identifying any new information, Dr. Casillas now states an opinion regarding causation of the children's respiratory problems as a result of mold exposure. Such opinion is beyond the scope of not only the original expert reports, but also Dr. Casillas' deposition testimony. Accordingly, paragraphs 1 and 2 of the declaration will be stricken.[3]

Paragraphs 3-6 of the declaration contain opinions about exposure to Stachybotrys and the unreliability of skin testing for a Stachybotrys allergy. At the outset, the Court notes that Dr. Casillas' original reports in no way referenced Stachybotrys. If Dr. Casillas had a medical opinion regarding Stachybotrys, regardless of its generality, it should have been included within his original reports. Additionally, Plaintiffs have pointed to no new information which would prompt Dr. Casillas to now opine as to general information regarding exposure to Stachybotrys and/or the reliability of skin testing for a Stachybotrys allergy. Paragraphs 3-6 of the declaration must, therefore, be stricken.

---

[3]Courts generally reject "untimely supplemental expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures." Lampe Berger USA, Inc. v. Scentier, Inc., No. 04-354, 2008 WL 3386716, *2 (M.D. La. Aug. 8, 2008); see also Cleave v. Renal Care Grp., Inc., No. 2:04-161, 2005 WL 1629750, *1 (N.D. Miss. July 11, 2005) (granting motion to strike where "Plaintiff failed to identify any new records or information which would prompt [the] new opinions" and "the supplemental affidavit offering the new opinion was made only after [defendant] filed a dispositive motion based on the lack of proof to support plaintiff's wrongful death claim").

The Court likewise finds that the statement made in paragraph 7 of the declaration, i.e., "Symptoms caused by mold exposure in sensitized (allergic) individuals will persist if exposure to mold continues to occur," is a new opinion and must be stricken. Such statement goes beyond the scope of Dr. Casillas' original opinion that exposure to the allergens to which Plaintiffs are allergic will result in an exacerbation of their allergic disease.

As to Plaintiffs' alternative request for a continuance, the Court again notes that the defense would be prejudiced by testimony in accordance with the declaration; that no explanation was given for the failure to include the new opinions in the original report; and that this is a 2009 civil case that needs to move forward. See Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir.1998). Hence, no continuance will be granted in this matter. See Robbins v. Ryan's Family Steakhouse East, Inc., 223 F.R.D. 448, 454 (S.D. Miss. 2004) (district court not required to grant a continuance where other factors support striking an expert's supplemental opinions).

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of September, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE